Abraham SNIDER and Rebecca Snider,
v.
UNITED STATES of America.
Civ. No. 53–33.

United States District Court
D. Massachusetts.
Nov. 2, 1954.

David Burnstein, Hale & Dorr, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

The petitioners sue for refund of income taxes for the taxable year 1950. The only question is a single one on the merits. The facts have been stipulated and I find them to be in accordance with the stipulations filed by the parties and supplemented orally in open court.

In 1947 petitioners were substantial shareholders in the Braemore-Kenmore Trust, a Massachusetts trust having transferable shares. In that year the trust was reorganized into a newly-formed corporation, the Hotel Kenmore Corporation.* All the assets of the trust were transferred to the corporation which assumed, as well, all of the trust's liabilities. The corporation possessed no other assets, and there was no material change of any sort in the shareholdings or in the business operations.

The above constituted a reorganization under the provisions of IRC § 112(b) (3) (4) and § 112(g) and no gain or loss was recognized.

At the time of the reorganization the trust had a substantial deficit. In the years following the reorganization the corporation's earnings showed a net profit, if one disregards the deficit of the former trust, but if the deficit of the trust could be carried over, there was a loss. In December 1950 the corporation made a cash distribution to the petitioners and the other stockholders exceeding the earnings of its fiscal year. Part of this distribution, accordingly, was either a return of capital or taxable income to the petitioners, depending whether the deficit of the trust could be carried over.

Under the present law, Internal Revenue Code of 1954, 26 U.S.C.A., 68A Stat. § 381(a), (c) (2), the deficit can be carried over. There was no specific provision, however, in 1950. The government's contention, doubtful at best, that the passage of the present act indicates that the law was different before is answered to my satisfaction by Sen. Rep. No. 1622, 83rd Cong., 2d Sess. 277 (1954), which particularly states that no inferences are to be drawn from the enactment of this section.

There is no case passing upon this precise question.

In Commissioner of Internal Revenue v. Sansome, 2 Cir., 60 F.2d 931, there was established the principle of continuity of venture in cases of tax-free reorganization. This rule was widely recognized, until its application to particular facts resulted in tax advantages to the reorganized corporation. The Supreme Court in Commissioner of Internal Revenue v. Phipps, 336 U.S. 410, 69 S.Ct. 616,

---

* Actually there were two new corporations, a parent and a subsidiary, but for purposes of this case that fact is of no consequence.

**354**

93 L.Ed. 771, held that such advantages *could not be obtained.* In spite of certain language in the opinion I do not read in the Phipps case a repudiation of the entire doctrine of continuity. While criticizing continuity of venture, the court seemingly recognized continuity of the character of individual items. Id., 336 U.S. at page 416, 69 S.Ct. 619. It superimposed, however, a further principle that it is inconsistent with the idea of a tax-free reorganization that the government should lose by the process.

It is equally inconsistent that the government should gain by the process, and in my opinion nothing in the Phipps case compels me so to hold.

Judgment will be entered for the plaintiff.